2012 BNH 002
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:                                                        Bk. No. 11-13924-JMD
                                                              Chapter 7
Daniel R. Egan,
            Debtor

*Alvin E. Nix, Jr., Esq.*
*Alvin E. Nix, Jr., P.C.*
*Laconia, New Hampshire*
*Attorney for Debtor*

*Raef J. Granger, Esq.*
*Portsmouth, New Hampshire*
*Attorney for Taylor, McCormack & Frame, LLC and Jason Spooner*

## MEMORANDUM OPINION

### I.  INTRODUCTION

The Court has before it an Amended Motion to Avoid Lien (Doc. No. 42) (the "Motion"). On January 11, 2012, the Debtor filed a motion to avoid the liens of Taylor, McCormack & Frame, LLC and Jason Spooner (the "Creditors") under 11 U.S.C. § 522(f) (Doc. No. 17). The Creditors filed an objection (Doc. No. 29) and the Court held a hearing on the matter on February 22, 2012.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.).  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. FACTS

At issue in the Motion is whether four liens on the Debtor's real property in New Hampshire (the "Property"), recorded in the Grafton County Registry of Deeds, can be avoided under § 522(f). Two of the liens are for $60,000.00 each and are both pre-judgment attachments (the "Pre-Judgment Attachments"). The other two liens are for $116,557.53 each and are both post-judgment attachments (the "Post-Judgment Attachments").

During the hearing, the Debtor questioned the validity of all four liens. A determination to avoid a lien under § 522(f) is a formulaic exercise.[1] To adjudicate a § 522(f) motion, the Court must know the amount of the validly perfected lien that the Debtor is seeking to avoid, the amount of any validly perfected senior liens, the amount of the exemption being impaired and the value of the encumbered property. Since the validity and extent of the liens being tested for

---

[1] **(f)(1)** Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is--
> **(A)** a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5); or
> **(B)** a nonpossessory, nonpurchase-money security interest in any--
>> **(i)** household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;
>> **(ii)** implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or
>> **(iii)** professionally prescribed health aids for the debtor or a dependent of the debtor.
>
> **(2)(A)** For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of--
>> **(i)** the lien;
>> **(ii)** all other liens on the property; and
>> **(iii)** the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.

avoidance are being challenged by the Debtor in the Motion, the Court ordered the parties to file stipulated facts and memoranda of law explaining each party's legal arguments (Doc. No. 36).

On April 11, 2012, the Debtor filed the Motion with a memorandum of law attached. On the same day, the Creditors filed a response to the Motion, outlining their legal arguments (Doc. No. 45) (the "Response"). The parties filed their own statement of facts. In the absence of an evidentiary record, the Court shall treat all mutually asserted undisputed facts as the factual record for purposes of this decision. See In re Doolan, 447 B.R. 51, 57 (Bankr. D.N.H. 2011). According to the Motion and the Response, on December 19, 2008, the Creditors recorded the Pre-Judgment Attachments, issued by the United States District Court for the District of Maine ("Maine District Court"), in the Grafton County Registry of Deeds. On October 25, 2011, the Debtor filed for bankruptcy. Shortly after, on October 31, 2011, the Creditors recorded the Post-Judgment Attachments, issued by the Maine District Court, in the Grafton County Registry of Deeds. The Debtor argues that none of the attachments are validly perfected liens under New Hampshire law. The Creditors acknowledge that on the date of petition, they had not recorded the Post-Judgment Attachments in the registry of deeds and, therefore, those liens were not properly perfected on the petition date.[2] The Creditors also state that the two Pre-Judgment Attachments are duplicates. Hence, the Creditors contend that the Property is subject to only one lien for $60,000. The Debtor argues that the Pre-Judgment Attachments are invalid because: (1)

---

[2] In the Motion, the Debtor claims that the Creditors violated the automatic stay by recording the Post-Judgment Attachments in the registry of deeds after the petition date. The Creditors attached copies of the Post-Judgment Attachments that appear to have been recorded after the petition date. Regardless, the Debtors have yet to seek damages for violation of the automatic stay under 11 U.S.C. § 362(k). Therefore, this issue is not before the Court.

they are foreign judgments that were not properly domesticated in New Hampshire before being recorded and (2) they are set off by the Post-Judgments Attachments.

**III. DISCUSSION**

The Court concludes the Pre-Judgment Attachments are not validly perfected under New Hampshire law. Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law. Butner v. United States, 440 U.S. 48, 54 (1979). For instance, in the United States Code and the Federal Rules of Civil Procedure, liens deriving from federal court orders and judgments[3] must adhere to state law. The Federal Rules of Civil Procedure allow federal courts to issue attachments on property under the law of the state where the court is located. Fed. R. Civ. P. 64; see also Fed. R. Civ. P. 69. Implicitly, for an attachment to have effect in another state, it must comply with the laws of that state. In New Hampshire, out-of-state court orders must first be domesticated in a New Hampshire superior or district court before being enforced.

New Hampshire has enacted the Uniform Enforcement of Foreign Judgments Act ("UEFJA"). NH RSA § 524-A. Under the UEFJA, a party seeking to domesticate and enforce a foreign judgment in New Hampshire must follow the procedures outlined in the statute. See

---

[3] "Every judgment rendered by a district court within a State shall be a lien on the property located in such State in the same manner, to the same extent and under the same conditions as a judgment of a court of general jurisdiction in such State, and shall cease to be a lien in the same manner and time. This section does not apply to judgments entered in favor of the United States. Whenever the law of any State requires a judgment of a State court to be registered, recorded, docketed or indexed, or any other act to be done, in a particular manner, or in a certain office or county or parish before such lien attaches, such requirements shall apply only if the law of such State authorizes the judgment of a court of the United States to be registered, recorded, docketed, indexed or otherwise conformed to rules and requirements relating to judgments of the courts of the State." 28 U.S.C. § 1962

4

Williams v. Am. Credit Servs., Inc., 495 S.E.2d 121 (Ga. 1997).  A foreign judgment is defined as "any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state."  NH RSA § 524-A:1.  The domestication statute states that "[a] copy of any foreign judgment authenticated in accordance with the act of Congress or the statutes of this state may be filed in the office of the clerk of any district or superior court of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the district or superior court of this state."  NH RSA § 524-A:2.

      Since a foreign judgment is treated as any other state court order, a party seeking to enforce a pre-judgment attachment must abide by New Hampshire's recording requirements.  In New Hampshire, an attachment order may be filed in the registry of deeds.  NH RSA § 511-A:5. An attachment on real estate in New Hampshire is not effective against bona fide purchasers of value until it has been recorded in the registry of deeds for the county in which the real estate lies.  NH RSA 511-A:5. See e.g., Trustee v. Dernham Co., (In re Blondheim Modular Mfr. Inc.), 65 B.R. 856, 862 (Bankr. D.N.H. 1986).  Thus, a creditor seeking to enforce an out of state attachment on real property in New Hampshire must first domesticate the order under the UEFJA[4] and then record it in the registry of deeds.

      In the present case, the Creditors argue they have a validly perfected pre-judgment attachment on the Debtor's real property in New Hampshire.  In support of their argument, they included an order from the Maine District Court recorded in the Grafton County Registry of Deeds almost three years before the petition date.  The order of the Maine District Court

---

[4] A creditor may also domesticate a federal court judgment by registering it in the federal judicial district where the creditor seeks to enforce the judgment.  A registered judgment will have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.  28 U.S.C. § 1963.

directing the attachment of a lien on property, is considered a foreign judgment in New Hampshire according to the UEFJA.  The Creditors did not include any offers of proof that they domesticated the Maine District Court order in a New Hampshire state court (i.e. by filing an affidavit with the clerk of court setting forth the name and last know post office address of the judgment debtor, and the judgment creditor[5]).  Moreover, the Creditors concede, by implication, that they did not domesticate the order by stating in the Response that "[a]ssuming arguendo that there is some state or federal provision that requires that the pre-judgment attachment to be filed as a foreign judgment and later recorded as a New Hampshire Order, there is no time bar to do so . . . [and] [a]fter taking leave of the Court, it can still be done."  Because the Maine District Court order was never domesticated in a New Hampshire court, it has no effect on New Hampshire real property.  See Mead v. United States (In re Mead), 374 B.R. 296, 303 (Bankr. M.D. Fla. 2007) (holding the creditor did not have a lien against Florida properties because he did not attempt to comply with the Florida UEFJA).  As a result, the Creditors do not hold a valid pre-judgment attachment lien on the Property.

## IV.  CONCLUSION

Under New Hampshire law, the Pre-Judgment Attachments and the Post-Judgment Attachments recorded in the Grafton County Registry of Deeds were not validly perfected liens on the petition date.  A bankruptcy court can determine the validity, priority, or extent of a lien or other interest in property through an adversary proceeding or a proceeding under Rule 4003(d).  Fed. R. Bankr. P. 7001(4).  Proceedings to avoid a lien under § 522(f) are governed by

---

[5] NH RSA § 524-A:3.

Rule 4003(d). Fed. R. Bankr. P. 4003(d). Since the Motion was presented to the Court in a proceeding under Rule 4003(d), the Court has authority to determine the validity of the liens at issue outside of an adversary proceeding. The Creditors conceded that the Post-Judgment Attachments were not recorded when the Debtor filed his bankruptcy petition. Moreover, the Pre-Judgment Attachments were not domesticated in New Hampshire and consequently are not enforceable against New Hampshire real property. Accordingly, the Creditors do not hold any liens on the Property. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.

ENTERED at Manchester, New Hampshire.

Date:   April 27, 2012              /s/ J. Michael Deasy
                                    J. Michael Deasy
                                    Bankruptcy Judge